UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **SONY MUSIC ENTERTAINMENT, and SONY MUSIC PUBLISHING (US) LLC,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **DANTREAL DAEVON CLARK-RAINBOLT p/k/a TREFUEGO,** <br><br> **Defendant.** | CASE NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiffs Sony Music Entertainment and Sony Music Publishing (US) LLC file this Original Complaint against Defendant Dantreal Daevon Clark-Rainbolt p/k/a Trefuego, and alleges as follows:

### NATURE OF THE ACTION

1. This action is brought to redress the flagrant and deliberate infringement of the musical composition and sound recording entitled "Reflections", written and recorded by renowned Japanese composer Toshifumi Hinata ("Hinata"), and owned and/or controlled by Plaintiffs Sony Music Publishing (US) LLC ("SMP") and Sony Music Entertainment ("SME") (collectively "Plaintiffs") as the exclusive licensees and/or assignees of Sony Music Entertainment Japan Inc. and Sony Music Publishing (Japan) Inc., respectively in the United States. The Reflections sound recording, embodying the "Reflections" musical composition, was released in 1986, and has received over 53 million plays on Spotify alone.

2. On or around September 30, 2019, Dantreal Daevon Clark-Rainbolt, p/k/a Trefuego ("Trefuego" or "Defendant") released a musical composition and sound recording entitled "90mh" (the "Infringing Works"). The Infringing Works copy original and protected musical expression from the "Reflections" musical composition and sound recording. The Infringing Works have been widely distributed on social media and through streaming platforms. Since their release, the Infringing Works have been featured in over 155,000 videos on TikTok alone, have received over 100 million streams on Spotify, and have nearly 10 million views on YouTube.

3. Plaintiffs first came to know of the Infringing Works in 2021.

4. The Infringing Works purposefully and prominently used a significant portion of the Reflections musical composition and sound recording, and listeners immediately recognized the infringement.

5. For example, one Twitter user noted that "[t]he kids on TikTok are going crazy to this song by Trefuego. How … did TreFuego's producer find Toshifumi Hinata's … Reflections[?]"

6. Trefuego never requested, much less obtained, a license to copy or create a derivative work based upon the "Reflections" musical composition and/or sound recording.

7. To add insult to injury, Trefuego ignored Plaintiffs' demands that his infringing conduct be discontinued and remedied. Notwithstanding having notice since at least the beginning of 2021, Trefuego continued to make the Infringing Works available until SME issued a takedown request to digital service providers ("DSPs") on August 9, 2022.

8. With the recent "renewed interest in Japanese music in the West [and] meteoric rise of city pop [and] ambient music,"[1] licenses to use Hinata's work – including the "Reflections" musical composition and sound recording in particular – are in higher demand than ever. For example, the "Reflections" musical composition and sound recording were recently licensed for use in the soundtrack for the hit Netflix film, *Tigertail*, and the Amazon television series *Forever*.

9. But Plaintiffs are highly selective and thoughtful in granting licenses for use of Hinata's works, and choose to grant licenses only for those projects that Hinata himself might endorse.

10. Trefuego took a different approach and simply stole Hinata's musical composition and sound recording, using them without asking and without permission, all in flagrant violation of the United States Copyright Laws.

11. Trefuego's infringing conduct has and continues to severely damage and diminish the market for Hinata's works by falsely inferring that he endorses and/or supports Trefuego's use of "Reflections" in "90mh."

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over Plaintiffs' copyright infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

---

[1] https://pitchfork.com/reviews/albums/various-artists-heisei-no-oto-japanese-left-field-pop-from-the-cd-age-1989-1996/ (Reviewing album featuring "[s]ongs by artists now known the world over, like…Toshifumi Hinata").

A.     **The Plaintiffs.**

14.    Plaintiff Sony Music Entertainment is the exclusive licensee of the Sony Music Entertainment Japan "Reflections" sound recording in the United States.

15.    Plaintiff Sony Music Publishing (US) LLC controls the exclusive rights to the "Reflections" musical composition in the United States.

B.     **The Defendant.**

16.    Defendant Trefuego is an individual musical artist. Upon information and belief, Defendant Trefuego lives in Euless, Texas.

## HINATA'S "REFLECTIONS"

17.    In or about 1986, Hinata composed and recorded "Reflections". "Reflections" was released as part of Hinata's third album, Reality in Love. Due to its lasting popularity, Reality in Love was re-issued on vinyl in June of 2021.

18.    "Reflections" continues to have standalone success. "Reflections" remains Hinata's most popular musical composition and sound recording to date, boasting over 53 million streams on Spotify alone. "Reflections" was also recently featured in the 2020 Netflix film Tigertail, and in the 2018 Amazon television series Forever.

19.    "Reflections" is an instrumental piece, best classified as ambient lo-fi or Japanese city pop – a genre of music that is currently experiencing a "surge of international interest," including in the U.S., due to its viral success on YouTube and TikTok.

20.    The portion of "Reflections" at issue is the "hook" – precisely the part designed to catch listeners' attention – which permeates the entirety of the song in a repeating loop. It is

characterized by a distinctive 15-note melodic sequence played on strings, accompanied by a looping chord progression, played on the piano.

21. Each approved prior use of Hinata's original music was carefully considered and authorized pursuant to an agreed-upon license.

22. Trefuego took a very different approach. He used and copied Plaintiffs' works without so much as asking, or paying a cent to Plaintiffs, and he continued to exploit that music despite Plaintiffs' demand that he stop.

## DEFENDANT'S INFRINGING WORKS.

23. The Infringing Works feature a segment of the "Reflections" musical composition and sound recording, played on a loop throughout "90mh." Specifically, the featured portion contains the distinctive 15-note melodic sequence on strings and the piano chord progression that constitute the "hook" of the "Reflections" musical composition and sound recording.

24. Trefuego's conduct resulted in unauthorized copying, performance, transmission, and the creation of a derivative work, all rights that belong exclusively to Plaintiffs as the copyright holders of the "Reflections" musical composition and sound recording.

25. Trefuego has exploited the Infringing Works on multiple YouTube channels, TikTok, Instagram, Spotify, Apple Music, and on information and belief, other distribution channels.

26. The Infringing Works have also experienced viral success online and on social media. As of August 9, 2022, when SME issued a takedown to all major DSPs, the Infringing Works had been streamed over 100 million times on Spotify alone. The Infringing Works have been used in over 155,000 TikTok videos, and have received nearly 10 million views on YouTube.

27. Indeed, Trefuego used the success of "90mh" to jumpstart his own artistic career, boasting of the success of the track on his website.

28. Trefuego's infringement is blatant. Listeners have recognized that Trefuego exploits and copies the "Reflections" musical composition and sound recording in his Infringing Works. For example, as pictured below, one listener commented on YouTube that it is "so sad to see something being sampled" without permission and that "the violin and piano is actually sampled from reflections by toshifumi hinata!!" And another YouTube listener commented that "TreFuego sampled Toshifumi Hinata's song 'Reflections' in this song [without] getting permission from him . . . He needs to be held accountable."



29. Trefuego's use of "Reflections" permeates the entirety of the Infringing Works, and for many listeners, is the only reason they listen to them. For example, as pictured below, many

6

YouTube listeners commented that they "want the background music without the rap," or that they "just watch this for the violin."



30. Defendant's infringement is willful. In January of 2021, Sony Music Entertainment Japan informed Defendant of the infringing nature of his conduct. He is aware that he has stolen Plaintiffs' intellectual property. Nevertheless, Defendant insisted on continuing to make the Infringing Works available, so that he continued to profit from them until SME issued a takedown to the DSPs.

31. In copying the "Reflections" musical composition and sound recording, Trefuego brazenly sought to ride the coattails of Hinata's creativity and popularity without regard to the United States copyright laws or the rights of Plaintiffs.

## COUNT I: DIRECT COPYRIGHT INFRINGEMENT OF THE "REFLECTIONS" SOUND RECORDING

32. Plaintiffs incorporate each and every paragraph of this Complaint as if fully set forth herein.

33. Plaintiff SME's "Reflections" sound recording is an original, creative work that contains and constitutes copyrightable subject matter under the Copyright Act.

34. Plaintiff SME is the owner of valid copyrights in the sound recording "Reflections", as the exclusive licensee of Sony Music Entertainment Japan in the United States. The sound recording is registered in the U.S. Copyright Office. (Registration Numbers SR0000941927).

35. By his actions, Defendant has infringed Plaintiff SME's copyrights by, inter alia, reproducing, distributing, publicly performing, and/or digitally transmitting the "Reflections" sound recording, and creating derivative works from it, without any authorization, permission, license, or consent from Plaintiff.

36. Defendant's acts of infringement are knowing, deliberate, and willful, and in utter disregard for Plaintiff SME's rights.

37. Defendant has illicitly benefited from the immense success of the Infringing Works, in ways including but not limited to sales and streaming revenue for the Infringing Works, and an increase in name recognition leading to an increase in sales and streaming revenue for other Trefuego songs.

38. As a result of Defendant's wrongful conduct, Plaintiff SME has been substantially and irreparably harmed.

39. Plaintiff SME is entitled to injunctive relief prohibiting Trefuego, his agents, and employees from further infringing Plaintiff's copyrights.

40.     In addition, Plaintiff SME is entitled to recover from Defendant the damages it has sustained and continues to sustain, and any gains, profits, and advantages obtained by Defendant as a result of his infringement.

## COUNT II: DIRECT COPYRIGHT INFRINGEMENT OF THE "REFLECTIONS" MUSICAL COMPOSITION

41.     Plaintiffs incorporate each and every paragraph of this Complaint as if fully set forth herein.

42.     Plaintiff SMP's "Reflections" musical composition is an original, creative work that contains and constitutes copyrightable subject matter under the Copyright Act.

43.     Plaintiff SMP controls exclusive rights to the musical composition "Reflections" in the United States. The composition is registered in the U.S. Copyright Office. (Registration Number PA0002379996).

44.     By his actions, Defendant has infringed Plaintiff SMP's copyrights by, inter alia, reproducing, distributing, publicly performing, and/or digitally transmitting the "Reflections" musical composition, and creating derivative works from it, without any authorization, permission, license, or consent from Plaintiff.

45.     Defendant's acts of infringement are knowing, deliberate, and willful, and in utter disregard for Plaintiff SMP's rights.

46.     Defendant has illicitly benefited from the immense success of the Infringing Works, in ways including but not limited to sales and streaming revenue for the Infringing Works, and an increase in name recognition leading to an increase in sales and streaming revenue for other Trefuego songs.

47. As a result of Defendant's wrongful conduct, Plaintiff SMP has been substantially and irreparably harmed.

48. Plaintiff SMP is entitled to injunctive relief prohibiting Trefuego, his agents, and employees from further infringing Plaintiff's copyrights.

49. In addition, Plaintiff SMP is entitled to recover from Defendant the damages it has sustained and continues to sustain, and any gains, profits, and advantages obtained by Defendant as a result of his infringement.

### COUNT III:  CONTRIBUTORY INFRINGEMENT OF THE "REFLECTIONS" SOUND RECORDING

50. Plaintiffs incorporate each and every paragraph of this Complaint as if fully set forth herein.

51. Defendant encouraged, induced, designed, directed, produced, controlled, oversaw, or otherwise materially contributed to the creation of the Infringing Works, including the use of the "Reflections" sound recording.

52. Defendant distributed, exploited, and promoted the Infringing Works. Defendant had the right, ability, and authority to control and supervise the placement of the Infringing Works on social media, streaming platforms, and other channels of distribution, and had the ability to remove the Infringing Works from social media, streaming platforms, and other channels of distribution.

53. Defendant directly profited from the duplication of and unauthorized creation of a derivative work from the "Reflections" sound recording.

54. Defendant knew that he did not own or otherwise have the right, permission, or a license to use, the "Reflections" sound recording in the Infringing Works.

55. By promoting and participating in the creation of the Infringing Works that included the use of the "Reflections" sound recording, Defendant induced, caused, or materially contributed to the infringing conduct alleged herein.

56. Defendant knew that the use of the "Reflections" sound recording was without permission and therefore infringing.

57. Defendant's ongoing conduct after notice from SME constituted willful contributory copyright infringement.

58. Plaintiff SME has been damaged by Defendant's acts of contributory infringement of the "Reflections" sound recording.

59. In addition, Plaintiff SME is entitled to recover from Defendant the damages it has sustained, and any gains, profits, and advantages obtained by Defendant as a result of his infringing acts.

### COUNT IV: CONTRIBUTORY INFRINGEMENT OF THE "REFLECTIONS" MUSICAL COMPOSITION

60. Plaintiffs incorporate each and every paragraph of this Complaint as if fully set forth herein.

61. Defendant encouraged, induced, designed, directed, produced, controlled, oversaw, or otherwise materially contributed to the creation of the Infringing Works, including the use of the "Reflections" musical composition.

62. Defendant distributed, exploited, and promoted the Infringing Works. Defendant had the right, ability, and authority to control and supervise the placement of the Infringing Works on social media, streaming platforms, and other channels of distribution, and had the ability to

remove the Infringing Works from social media, streaming platforms, and other channels of distribution.

63. Defendant directly profited from the duplication of and unauthorized creation of a derivative work from the "Reflections" musical composition.

64. Defendant knew that he does not own or otherwise have the right, permission, or a license to use, the "Reflections" musical composition in the Infringing Works.

65. By promoting and participating in the creation of the Infringing Works that included the use of the "Reflections" musical composition, Defendant induced, caused, or materially contributed to the infringing conduct alleged herein.

66. Defendant knew that the use of the "Reflections" musical composition was without permission and therefore infringing.

67. Defendant's ongoing conduct after notice from SME constituted willful contributory copyright infringement.

68. Plaintiff SMP has been damaged by Defendant's acts of contributory infringement of the "Reflections" musical composition.

69. In addition, Plaintiff SMP is entitled to recover from Defendant the damages it has sustained, and any gains, profits, and advantages obtained by Defendant as a result of his infringing acts.

## COUNT V:  VICARIOUS INFRINGEMENT OF THE "REFLECTIONS" SOUND RECORDING

70.   Plaintiffs incorporate each and every paragraph of this Complaint as if fully set forth herein.

71.   Defendant had, and exercised, the right, ability, and authority to control and supervise the creation of the Infringing Works, and inclusion of Plaintiff SME's sound recording therein.

72.   Defendant did in fact participate in or oversee the creation and dissemination of the Infringing Works.

73.   Defendant directly profited, from the duplication, public performance, digital transmission and/or distribution of the Plaintiff SME's sound recording contained in the Infringing Works.

74.   Plaintiff SME has been damaged by Defendant's acts of vicarious infringement of the "Reflections" sound recording.

75.   In addition, Plaintiff SME is entitled to recover from Defendant the damages it has sustained, and any gains, profits, and advantages obtained by Defendant as a result of his infringing acts.

## COUNT VI:  VICARIOUS INFRINGEMENT OF THE "REFLECTIONS" MUSICAL COMPOSITION

76.   Plaintiffs incorporate each and every paragraph of this Complaint as if fully set forth herein.

77.   Defendant had, and exercised, the right, ability, and authority to control and supervise the creation of the Infringing Works, and inclusion of Plaintiff SMP's musical composition therein.

78. Defendant did in fact participate in or oversee the creation and dissemination of the Infringing Works.

79. Defendant directly profited from the duplication, public performance, digital transmission and/or distribution of the Plaintiff SMP's musical composition contained in the Infringing Works.

80. Plaintiff SMP has been damaged by Defendant's acts of vicarious infringement of the "Reflections" musical composition.

81. In addition, Plaintiff SMP is entitled to recover from Defendant the damages it has sustained, and any gains, profits, and advantages obtained by Defendant as a result of his infringing acts.

## JURY DEMAND

82. Plaintiffs demand a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs petition that:

a. The conduct alleged herein be declared, adjudged, and/or decreed to be unlawful and in violation of the Copyright Act;

b. The Court issue such injunctive and equitable relief as may be necessary to prevent and restrain Defendant, and all those in active concert or participation with him, from engaging in further unlawful conduct in violation of the Copyright Act;

c. The Court order Defendant to render a full and complete accounting to Plaintiffs for Defendant's profits, gains, advantages, and the value of the business opportunities received from his infringing activities;

  d. Plaintiffs be awarded all damages suffered by them and any profits or gain enjoyed by Defendant attributable to his infringement of Plaintiffs' copyrights;

  e. Plaintiffs be awarded pre-judgment and post-judgment interest to the fullest extent available;

  f. The Court order such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper.

  RESPECTFULLY SUBMITTED this 20th day of March, 2023.

**DIAMOND MCCARTHY LLP**

By */s/ David W. Reynolds*
David W. Reynolds
Diamond McCarthy LLP
2711 N. Haskell Avenue, Suite 3100
Dallas, TX 75204
Telephone: (214) 389-5300
Facsimile: (214) 389-5399
dreynolds@diamondmccarthy.com

**PROSKAUER ROSE LLP**

Sandra Crawshaw-Sparks*
David Munkittrick*
Anisha Shenai-Khatkhate*

*Application Pro Hac Vice Forthcoming*

 *Attorneys for Plaintiffs*