UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SONY MUSIC ENTERTAINMENT INC, ET AL.,**

   Plaintiffs,

v.                                          No. 4:23-CV-0275-P

**DANTREAL DAEVON CLARK-RAINBOLT,**

   Defendant.

## OPINION & ORDER

Before the Court is Plaintiffs' Motion for Substituted Service on Defendant Dantreal Daevon Clark-Rainbolt (aka "Trefuego"). ECF No. 16. For the reasons below, the Motion is hereby **GRANTED IN PART**.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1986, renowned Japanese composer Toshifumi Hinata released the song "Reflections"—a melancholic instrumental piece underscored by a hauntingly beautiful and distinctive violin. The track continues to be a commercial success today, with over 53 million plays on Spotify alone.

Plaintiffs Sony Music Publishing and Sony Entertainment Japan, Inc. are the exclusive licensees and assignees of the track. In this role, they have selectively allowed licensing of the track in line with Hinata's wishes and endorsement.

In September 2019, Trefuego—a DFW area rapper—released a song entitled "90Mh" that allegedly infringes on the original and protected musical expression from Hinata's "Reflections." In the track, Trefuego raps over a violin sample that appears to be cut from "Reflections." The violin line is central to the song and plays throughout while Trefuego colorfully raps over it.

Some lyrics state:

> Don't need a blade, I'm still gonna slay her
> Mind on the bread but I'm not a baker (Wow)
> Need to teach school with the way that I get paper
> I don't [mess] with 12, don't [mess] with no rules[1] (Gang)
> I do [mess] with guns, so hand me that Ruger (Grra, bow)
> Pass me the gas, I'm finna get higher (Sky)
> Don't need a test, I know she a liar (Ahh).[2]

Trefuego's song was a viral hit—garnering 100 million+ streams on Spotify, 155,000+ features in TikTok videos, and 10 million+ views on YouTube.

After attempting to resolve the dispute out of Court, Plaintiffs sued Trefuego for his alleged use of Hinata's work in his song. It has now been almost four months since the suit was filed, and Trefuego has yet to be served. Plaintiffs now move for substituted service and detail the extensive efforts they have gone through to accomplish service to no avail so far.

The Court thus addresses the substance of the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows service of an individual within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Because this case is brought in Texas, a defendant may be served according to Texas Rule of Civil Procedure 106(a).

TRCP 106(a) allows for service through in-person delivery to the defendant or by mailing the defendant through registered or certified mail. But if service through these methods fail, a court may authorize another method of service under TRCP 106(b), which provides:

---

[1] Though Defendant does not "mess with the rules," the rules still "mess" with him. *See Lawson v. FMR LLC*, 571 U.S. 429, 459–60 (2014) ("We are a government of laws, not of men.").

[2] Trefuego, *90Mh Lyrics,* https://genius.com/Trefuego-90mh-lyrics.

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

TEX. R. CIV. P. 106(b). If this requirement is met, alternate service may be accomplished by "any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). TRCP 109 also allows for service of process through publication. TEX. R. CIV. P. 109.

## ANALYSIS

Plaintiffs filed an appropriate motion supported by affidavits, listing seven separate attempts to serve Trefuego in Texas. ECF Nos. 16, 17. In its motion, Plaintiffs show the great lengths they have gone through to locate him, including hiring a private investigator, conducting extensive research into Trefuego's whereabouts based on social-media posts, and even going to his mother's house on Mother's Day in hopes that he would be there to celebrate with her. ECF No. 16. Sadly, he was not there, and his own mother claimed she did not know who he was. *Id.* Plaintiffs have thus satisfied the requirements of TRCP 106(b) and may seek service through alternative methods.

Plaintiffs seek alternative service "through direct message on his TikTok account, Instagram account, Twitter account, and Soundcloud account" or "email to Trefuego's manager." ECF No. 16. Plaintiffs also seek alternative service by publication. *Id.*

Modern problems require modern solutions. And this Court has concerns as to whether SoundCloud and TikTok rapper extraordinaire Trefuego is a regular reader of the Fort Worth Star Telegram or that he regularly visits the information tab of Fort Worth's city website. But Plaintiffs have shown sufficient evidence that certain social media accounts most certainly belong to the young bard and that he is a frequent user of these platforms. ECF No. 16 at 19–20. Notably, his Instagram @ismokefuego, his Twitter @ismokefuego, his TikTok

@treealgod, and his Soundcloud @trefuego1 are all featured links on his personal website and appear to be substantially active—with Trefuego making multiple posts a day. *Id.*

Based on these facts, Plaintiffs have shown that serving process via these social media platforms will be reasonably effective in giving Trefuego notice of this suit under TRCP 106(b)(2). And while this Court finds that service via publication will likely be futile in giving notice, the Court will allow Plaintiffs to reraise the issue if serving Trefuego via social media fails.

Plaintiffs also had previous contact with Trefuego's manager via email—though all lines of communication have ceased since December 2022. *Id.* at 4–5. Based on the information provided, it is unclear whether reaching out to this email address would give notice to Trefuego. And given his own mother's willingness to deny her relationship to him, it is not unlikely that his manager would also willingly delete emails or continue to ignore them. Because communications through this line have proven futile already, the Court will not grant service through this already explored dead-end avenue.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Substituted Service (ECF No. 16) is **GRANTED IN PART.** It is hereby **ORDERED** that Plaintiff may serve the Complaint and Summons on Trefuego by: (1) direct message to Trefuego's TikTok account;[3] (2) direct message to Trefuego's Instagram account;[4] (3) direct message to Trefuego's Twitter account;[5] and/or (4) direct message to Trefuego's verified SoundCloud account.[6] As the late Judge Eldon B. Mahon used to say during his 30 years on this bench: "let the chips fall where they may."

**SO ORDERED** on this **14th day of June 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[3] www.tiktok.com/@treealgod.

[4] https://www.instagram.com/ismokefuego/?hl=en.

[5] www.twitter.com/ismokefuego.

[6] https://soundcloud.com/trefuego1.

4